UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **RODNEY LANCASTER,**<br>3326 Claridge Court<br>Silver Spring, Maryland 20902<br><br>INDIVIDUALLY AND ON BEHALF OF ALL<br>OTHERS SIMILARLY SITUATED,<br><br>*Plaintiff,*<br><br>v.<br><br>**COMPUTER SCIENCES<br>CORPORATION**<br>3110 Fairview Park Drive<br>Falls Church, Virginia 22042<br><br>   Serve on:<br>      CT Corporation System<br>      1015 15th Street N.W., Suite 1000<br>      Washington, D.C., 20005<br><br>   *Defendant.* | §§§§§§§§§§§§§§§§§§§§§§§ | Civil Action No. _____<br><br><br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COLLECTIVE ACTION AND CLASS ACTION COMPLAINT

### SUMMARY OF ALLEGATIONS

1.   This is a Fair Labor Standards Act ("FLSA") case. Defendant Computer Sciences Corporation ("CSC") did not compensate Plaintiff Rodney Lancaster ("Lancaster") and other non-exempt hourly employees for all hours they worked and did not pay them at one-and-one-half times their hourly rates of pay for all hours worked in excess of forty hours per week. As a result, CSC knowingly, willfully, and intentionally violated the FLSA and the laws of the District of Columbia. *See* 29 U.S.C. §§ 201 *et seq.*; D.C. CODE § 32-1003. Lancaster therefore brings this collective and class action on behalf of himself and other similarly situated former

1

and current employees of CSC to recover unpaid wages and overtime pay, liquated damages, and attorneys' fees.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over the claims for relief under the laws of the District of Columbia pursuant to 28 U.S.C. § 1367 because those claims arise from a common nucleus of operative facts as the FLSA claims.

3. CSC operates a company that provides technology support to other companies. As CSC employs individuals that work exclusively in this District and regularly transacts business in this District, it is subject to personal jurisdiction in this District.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(c) because CSC is subject to personal jurisdiction in this District. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

5. CSC is engaged in interstate commerce as it operates a technology support company throughout this District and the entire United States.

### THE PARTIES

6. Defendant Computer Sciences Corporation is a technology support company headquartered in El Segundo, California. Although headquartered in California, CSC regularly and continuously transacts business in Washington D.C. and employs individuals that work almost exclusively in Washington, D.C. CSC can be served through its registered agent, CT Corporation System, 1015 15th Street N.W., Suite 1000, Washington, D.C., 20005.

7. Plaintiff Rodney Lancaster is a resident of the state of Maryland. He was employed by CSC in the position of "Tech IV." Lancaster's job responsibilities included

network communications engineering, that is, monitoring, maintaining, upgrading, and troubleshooting problems with his clients' computer networks. Lancaster provided both technical and operational support with regards to these networks. Lancaster's consent to this action is attached as Exhibit A.

### COVERAGE

8. At all times hereinafter mentioned, CSC has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

9. At all times hereinafter mentioned, CSC has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

10. At all times hereinafter mentioned, CSC has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

11. At all times hereinafter mentioned, Lancaster and the members of the class were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–207.

12. Lancaster and the members of the class are or were employed within the District of Columbia in that they regularly spend or spent more than 50% of their working time in the District of Columbia; or their employment is based in the District of Columbia and the they

regularly spend or spent a substantial amount of their working time in the District of Columbia and not more than 50% of their working time was in any particular state.

## THE CLASS

13.     This action is brought as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of Lancaster and all other persons who are or have been employed by CSC in the position of Tech IV, or individuals having similar job responsibilities but varying titles (hereinafter the "Collective Action Class"), between May 19, 2003 and the date of the final disposition of this action (hereinafter the "Collective Action Class Period").

14.     In addition, Lancaster seeks protection under the wage laws of the District of Columbia. Accordingly, he seeks to pursue class claims pursuant to Federal Rule of Civil Procedure 23 and District of Columbia Code section 32-1012(b). Lancaster seeks to represent himself and all persons similarly situated who are or were employed on an hourly basis in the District of Columbia in the Tech IV position, or individuals having similar job responsibilities but varying titles (hereinafter the "Class Action Class"), since May 19, 2003 (hereinafter the "Class Action Class Period").

## ALLEGATIONS OF THE PLAINTIFF AND THE CLASS

15.     Plaintiff Lancaster and the members of the classes incorporate by reference all allegations raised in the prior paragraphs.

16.     CSC operates a technology support company that provides support in the areas of information technology outsourcing, systems integration, and consulting in the Washington, D.C. metropolitan region. CSC employed Lancaster in the position of "Tech IV."

17.     Lancaster was a full-time, nonexempt employee of CSC and was paid a regular hourly rate.

4

18. Lancaster's job duties as a Tech IV were to monitor, maintain, upgrade, and troubleshoot problems with CSC's clients' computer networks. Lancaster provided both technical and operational support with regards to these networks.

19. The employees in the Tech IV position are full-time, nonexempt employees of CSC and are paid a regular hourly rate. These employees' job duties were to monitor, maintain, upgrade, and troubleshoot problems with CSC's clients' computer networks and provide both technical and operational support for these networks.

20. Lancaster and the other members of the classes regularly worked more than 40 hours per week while employed by CSC.

21. CSC required individuals employed in the Tech IV position to perform work for which they were not compensated. In particular, although Lancaster and the class members were paid an hourly wage for each hour they worked up to 40 hours per week, they were not compensated when they worked more than 40 hours in a week. Thus, not only did CSC fail to pay Lancaster and the class members at one-and-one-half times their regular hourly rates for all hours worked in excess of 40 hours per week as required by law, it failed to pay them any compensation for the work they performed in excess of 40 hours per week.

22. These employment practices and compensation policies constitute willful, knowing, and intentional violations of the FLSA and the laws of the District of Columbia.

### COLLECTIVE ACTION ALLEGATIONS

23. Plaintiff Lancaster and the members of the classes incorporate by reference all allegations raised in the prior paragraphs.

24. The collective action that Plaintiff Lancaster proposes encompasses all individuals who work or worked as hourly-paid Tech IVs, or in hourly-paid jobs having similar

job responsibilities regardless of title, that worked at CSC between May 19, 2003, and the final disposition of this action.

25. The persons who elect to join the proposed Collection Action Class will be represented by Plaintiff Lancaster.

26. During the Collective Action Class Period, the duties and responsibilities of the jobs held by members of the proposed collective action were the same as or substantially similar to the duties and responsibilities of the job held by Plaintiff Lancaster.

27. Plaintiff Lancaster and the members of the proposed Collective Action Class are or were subject to the unlawful compensation policies and practices set forth in the paragraphs above.

28. Accordingly, Plaintiff Lancaster and all the members of the proposed Collective Action Class are "similarly situated" within the meaning prescribed by 29 U.S.C. § 216(b).

29. The names and addresses of the potential members of the Collective Action Class are available from CSC, and notice should be provided to the Collective Action Class via first class mail to the last address known to CSC as soon as possible.

## CLASS ACTION ALLEGATIONS

30. Plaintiff Lancaster and the members of the classes incorporate by reference all allegations raised in the prior paragraphs.

31. In addition to bringing a collective action under the FLSA as set forth above, this action is brought as a class action under Federal Rule of Civil Procedure 23 under the wage and hours laws of the District of Columbia. *See also* D.C. CODE § 32-1012(b).

32. Plaintiff Lancaster proposes to maintain a class that encompasses all individuals who work or worked as hourly-paid Tech IVs, or in hourly-paid jobs having similar job duties and responsibilities regardless of the job title employed by CSC at any time between May 19,

6

2003 and the final disposition of this action. Upon information and belief, the Class Action Class is so numerous that joinder of all members of the class is impractical.

33. Questions of law and fact common to the Class Action Class as a whole include, but are not limited, to the following:

   a. Whether CSC's policy of failing to pay employees for all hours worked violates the District of Columbia Wage and Hour Laws;

   b. Whether CSC's policy of failing to pay employees at one and half times their regular rates of pay for all hours worked in excess to 40 hours in a week violates the District of Columbia Wage and Hour Laws;

   c. Whether CSC credited Lancaster and the Class Action Class with the wages that they were entitled to be paid as required by the District of Columbia Wage and Hour Laws;

34. During the Class Action Period, the duties and responsibilities of the jobs held by the members of the proposed class were the same or substantially similar to the duties and responsibilities of the job held by Plaintiff Lancaster.

35. Furthermore, Plaintiff Lancaster and the members of the Class Action Class are and were subject to CSC's policies and/or practices of failing to pay employees for all hours worked and failing to pay employees overtime. Lancaster's claims are therefore typical of those of the Class Action Class and Lancaster can and will fairly and adequately represent and protect the interests of the Class Action Class.

36. Lancaster has obtained counsel competent and experienced in class actions, wage and hour cases, and wage and hour cases brought as class actions.

37. Class certification as to the claims of the Class Action Class is appropriate pursuant to Federal Rule of Civil Procedure 23 because adjudications with respect to the individual members of the Class Action Class would, as a practical matter, be dispositive of the interests of the other members and/or pursuant to Federal Rule of Civil Procedure 23(b)(2) because CSC acted or refused to act on grounds generally applicable to the Class Action Class, making appropriate relief with respect to Lancaster and the Class Action Class as a whole and/or pursuant to Federal Rule of Civil Procedure 23(b)(3) because the common issues of fact and/or law would predominate over any individual issues. Lancaster intends to send notice to all members of the Class Action Class to the extent required by Rule 23 and District of Columbia Code section 32-1012(b). Lancaster may bear the initial cost of such notice but will seek reimbursement of this cost from CSC. Lancaster will receive any response to such notice.

### CAUSES OF ACTION

38. Lancaster and the class members incorporate by reference all the allegations raised in the prior paragraphs.

39. CSC's failure to pay Lancaster and the class members overtime wages at one-and-one-half times their regular rates of pay was in violation of the FLSA. 29 U.S.C. §§ 206, 207. Accordingly, Lancaster and the class members are entitled to their unpaid overtime in an amount equal to one and one-half times their regular rates of pay for each hour worked over forty hours per week.

40. Additionally, Lancaster and the class members are entitled to an equal amount to all of their unpaid wages as liquidated damages, as well as reasonable attorney's fees and costs of this action as provided by the FLSA. 29 U.S.C. § 216(b).

41. CSC's failure to pay Lancaster and the class members overtime wages at one-and-one-half times their regular rates of pay was in violation of the laws of the District of Columbia.

D.C. CODE § 32-1003(c). Accordingly, Lancaster and the class members are entitled to their unpaid overtime in an amount equal to one and one-half times their regular rate of pay for each hour worked over forty hours per week. *Id.* § 32-1012(a).

42. Additionally, Lancaster and the class members are entitled to an equal amount to all their unpaid wages as liquidated damages, as well as reasonable attorneys' fees and costs of this action as provided by the laws of the District of Columbia. *Id.* § 32-1012(a), (c).

### CLAIMS FOR RELIEF

WHEREFORE, Plaintiff Rodney Lancaster respectfully requests that the Court:

a. determine the damages sustained by Plaintiff Lancaster and the members of the Collective Action Class during the Collective Action Class Period as a result of CSC's willful and intentional violations of 29 U.S.C §§ 206, 207, and award such back pay against CSC in favor of Plaintiff Lancaster and all the members of the Collective Action Class, plus an additional equal amount as liquated damages pursuant to 29 U.S.C. § 216(b), plus such pre-judgment interest as may be allowed by law;

b. determine the earnings lost by Plaintiff Lancaster and the members of the Class Action Class during the Class Action Class Period as a result of CSC's willful and intentional violations of D.C. Code § 32-1003, and award all appropriate damages and all statutory damages and penalties resultant therefrom to Plaintiff Lancaster and the members of the Class Action Class, including an additional equal amount as liquated damages pursuant to District of Columbia Code section 32-1012(a);

c. award Plaintiff Lancaster and the members of both the Collective Action Class and the Class Action Class their attorneys' fees and costs and disbursements of this suit, including, without limitation, reasonable accountants', investigators', and experts' fees; and

       d.      grant Plaintiff Lancaster and the members of both the Collective Action Class and the Class Action Class such other and further relief, including, without limitations, injunctive relief where appropriate, as the Court may deem just and proper or that is allowed under any federal law or District of Columbia law violated by CSC's conduct described herein.

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE**

Respectfully submitted,

*/s/ Steven A. Luxton*

Steven A. Luxton
D.C. Federal Bar No. 470468
EDWARDS BURNS & KRIDER LLP
201 North Charles Street, Suite 1402
Baltimore, Maryland 21201
410.454.0012
410.454.0146 (facsimile)

ATTORNEYS FOR PLAINTIFF LANCASTER,
THE MEMBERS OF THE COLLECTIVE ACTION CLASS
AND THE MEMBERS OF THE CLASS ACTION CLASS

OF COUNSEL:

Brady Edwards
Sandra Thourot Krider
Patrick K.A. Elkins
EDWARDS BURNS & KRIDER LLP
1000 Louisiana, Suite 1300
Houston, Texas 77002
713.339.3233
713.339.2233 (facsimile)

Richard Burch
BRUCKNER BURCH PLLC
5847 San Felipe, Suite 3900
Houston, Texas 77057
713.877.8788
713.877.8065 (facsimile)

## NOTICE OF CONSENT

I hereby consent to become a party plaintiff in the lawsuit brought under the Fair Labor Standards Act to recover unpaid wages and overtime from my current/former employer, **COMPUTER SCIENCE CORPORATION**. I have been provided with a copy of the Professional Services Agreement with Edwards, Burns & Krider, L.L.P. and agree to be bound by its terms.

_____   2/25/06
Signature                         Date

RODNEY S. LANCASTER
Printed Name

**EXHIBIT A**

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS
Rodney Lancaster, Individually and On Behalf of All Others Similarly Situated

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Montegomery, M~
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Steven A. Luxton
EDWARDS BURNS & KRIDER LLP
201 North Charles Street, Suite 1402
Baltimore, Maryland 21201
410.454.0012
410.454.0146 (facsimile)

## DEFENDANTS
Computer Sciences Corporation

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  District of Columb~
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
| ☒ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

## V. ORIGIN

⦿ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Defendant violated the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 207 et seq.

## VII. REQUESTED IN COMPLAINT
CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  ☒
DEMAND $ _____   Check YES only if demanded in complaint
JURY DEMAND:   YES ☒   NO ☐

## VIII. RELATED CASE(S) IF ANY
(See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 07/07/2006   SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.     COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.     CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.     CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.     CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.     RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

RODNEY LANCASTER,
3326 Claridge Court
Silver Spring, Maryland 20902

**SUMMONS IN A CIVIL CASE**

V.

COMPUTER SCIENCES CORPORATION
3110 Fairview Park Drive
Falls Church, Virginia 22042

CASE NUMBER:

TO: (Name and address of Defendant)

COMPUTER SCIENCES CORPORATION
CT Corporation System
1015 15th Street N.W., Suite 1000
Washington, D.C., 20005

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Steven A. Luxton
EDWARDS BURNS & KRIDER LLP
201 North Charles Street, Suite 1402
Baltimore, Maryland 21201
410.454.0012
410.454.0146 (facsimile)

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK

DATE

(By) DEPUTY CLERK

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me<sup>(1)</sup> | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
                      Date

_____
*Signature of Server*

_____
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

RODNEY LANCASTER,
3326 Claridge Court
Silver Spring, Maryland 20902

**SUMMONS IN A CIVIL CASE**

V.

COMPUTER SCIENCES CORPORATION
3110 Fairview Park Drive
Falls Church, Virginia 22042

CASE NUMBER:

TO: (Name and address of Defendant)

COMPUTER SCIENCES CORPORATION
CT Corporation System
1015 15th Street N.W., Suite 1000
Washington, D.C., 20005

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Steven A. Luxton
EDWARDS BURNS & KRIDER LLP
201 North Charles Street, Suite 1402
Baltimore, Maryland 21201
410.454.0012
410.454.0146 (facsimile)

an answer to the complaint which is served on you with this summons, within __20__ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK                                           DATE

(By) DEPUTY CLERK

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.
   Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

**STATEMENT OF SERVICE FEES**

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
|  |  |  |

**DECLARATION OF SERVER**

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____   _____
                    Date                          *Signature of Server*

_____
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.