# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Rodney Lancaster,<br><br>            Plaintiff,<br><br>v.<br><br>Computer Sciences Corporation,<br><br>            Defendant. | Case No. 1:06 CV 01249-CKK |

## ANSWER

Defendant, Computer Sciences Corporation, by counsel, answer the plaintiff's Complaint as follows:

### Affirmative Defenses

1. The Complaint fails to state a claim upon which relief may be granted.

2. Plaintiff is estopped by his own action from asserting his claims against defendant.

3. Plaintiff's claims are barred in whole or in part by the statute of limitations.

4. Plaintiff consented to all the acts and omissions about which plaintiff now complains.

5. Plaintiff is not entitled to any equitable relief because he has an adequate remedy at law.

6. Plaintiff previously granted defendant a release of his claims.

20171/1932946.1

7. With respect to each and every allegation of the Complaint as they relate to the request for class certification, class certification would not be appropriate because there is a lack of:

 (a) numerosity;

 (b) commonality or community of interest;

 (c) typicality;

 (d) an ascertainable class;

 (e) adequate representation;

 (f) appropriateness of relief to the putative class as a whole;

 (g) predominance of common questions over questions affecting individual class members;

 (h) substantial benefit to the litigants and the court; and

 (i) superiority of a class action to other available methods for fair and efficient adjudication.

8. Plaintiff failed to mitigate his damages, if any.

9. The Complaint fails to state sufficient facts to support plaintiff's request for attorney's fees.

10. Plaintiff's claims are barred because plaintiff has not sustained any cognizable injury.

11. Plaintiff has waived any right to assert each of the purported causes of action set forth in the Complaint, because he unreasonably denied asserting these claims after having knowledge of the injuries alleged in the Complaint.

12. With respect to each purported cause of action set forth in the Complaint, plaintiff failed to exhaust available administrative remedies.

13. Defendant has not yet completed its investigation and discovery regarding the facts and claims asserted by plaintiff. Accordingly, defendant reserves the right to assert such additional affirmative defenses as necessary based on its ongoing investigation and discovery.

## Specific Admissions and Denials

14. As to Paragraph 1 of the Complaint, defendant denies that it did not compensate plaintiff Lancaster and other non-exempt hourly employees for all hours they worked and did not pay them at one-and-one half times their hourly rates of pay for all hours worked in excess of forty hours per week. Defendant also denies that it knowingly, willfully and intentionally violated the FLSA and the laws of the District of Columbia.

15. Paragraph 2 of the Complaint states a legal conclusion and contains no factual allegations; therefore, defendant does not make any specific admissions or denials.

16. Defendant admits that it operates a company that provides technology support to other companies. Defendant admits that it employs individuals that work exclusively in the district and regularly transacts business in this district; the remainder of Paragraph 3 states a legal conclusion, therefore, defendant does not make any specific admissions or denials as to it.

17. Paragraph 4 of the Complaint states a legal conclusion and contains no factual allegations; therefore, defendant does not make any specific admissions or denials.

18. Defendant admits the allegations set forth in Paragraph 5 of the Complaint.

19. Defendant admits the allegations set forth in Paragraph 6 of the Complaint.

20. Defendant lacks sufficient information and belief to admit or deny the allegation in Paragraph 7 of the Complaint that Rodney Lancaster is a resident of the state of Maryland.

Defendant admits plaintiff was employed by CSC in the position of "Tech IV" and that the job duties set forth in Paragraph 7 generally reflect plaintiff's job duties.

21. Paragraph 8 of the Complaint states a legal conclusion and contains no factual allegations; therefore, defendant does not make any specific admissions or denials.

22. Paragraph 9 of the Complaint states a legal conclusion and contains no factual allegations; therefore, defendant does not make any specific admissions or denials.

23. Paragraph 10 of the Complaint states a legal conclusion and contains no factual allegations; therefore, defendant does not make any specific admissions or denials.

24. Paragraph 11 of the Complaint states a legal conclusion and contains no factual allegations; therefore, defendant does not make any specific admissions or denials.

25. Defendant denies the allegations set forth in Paragraph 12 of the Complaint.

26. Paragraph 13 of the Complaint states a legal conclusion and contains no factual allegations; therefore, defendant does not make any specific admissions or denials.

27. Paragraph 14 of the Complaint states a legal conclusion and contains no factual allegations; therefore, defendant does not make any specific admissions or denials.

28. Paragraph 15 of the Complaint contains no factual allegations and therefore plaintiff does not make any specific admissions or denials.

29. Defendant admits the allegations set forth in Paragraph 16 of the Complaint.

30. Defendant denies the allegations set forth in Paragraph 17 of the Complaint.

31. Defendant admits that the job duties set forth in Paragraph 18 of the Complaint generally reflect plaintiff's job duties.

32. Defendant admits that the job duties set forth in Paragraph 19 of the Complaint generally reflect the job duties of Tech IV position employees.

33. Defendant denies the allegations set forth in Paragraph 20 of the Complaint.

34. Defendant denies the allegations set forth in Paragraph 21 of the Complaint.

35. Paragraph 22 of the Complaint states a legal conclusion and contains no factual allegations; therefore, defendant does not make any specific admissions or denials.

36. Paragraph 23 of the Complaint contains no factual allegations; therefore, defendant does not make any specific admissions or denials.

37. Paragraph 24 of the Complaint merely states plaintiff's purported class definition; therefore, defendant does not make any specific admissions or denials.

38. Defendant denies the allegations set forth in Paragraph 25 of the Complaint.

39. Defendant denies the allegations set forth in Paragraph 26 of the Complaint.

40. Defendant denies the allegations set forth in Paragraph 27 of the Complaint.

41. Paragraph 28 of the Complaint states a legal conclusion and contains no factual allegations; therefore, defendant does not make any specific admissions or denials.

42. Defendant's business records contain some of the information concerning employee's names and addresses as set forth in Paragraph 29 of the Complaint; the remainder of the paragraph states a legal conclusion; therefore, defendant does not make any specific admissions or denials as to it.

43. Paragraph 30 of the Complaint contains no factual allegations; therefore, defendant does not make any specific admissions or denials.

44. Paragraph 31 of the Complaint states a legal conclusion and contains no factual allegations; therefore, defendant does not make any specific admissions or denials.

45. Defendant denies the allegations set forth in Paragraph 32 of the Complaint.

46. Paragraph 33 of the Complaint states a legal conclusion and contains no factual allegations; therefore, defendant does not make any specific admissions or denials.

47. Defendant denies the allegations set forth in Paragraph 34 of the Complaint.

48. Defendant denies the allegations set forth in Paragraph 35 of the Complaint.

49. Defendant lacks sufficient information and belief to admit or deny the allegations set forth in Paragraph 36 of the Complaint.

50. Paragraph 37 of the Complaint states a legal conclusion and contains no factual allegations; therefore, defendant does not make any specific admissions or denials.

51. Paragraph 38 of the Complaint contains no factual allegations; therefore, defendant does not make any specific admissions or denials.

52. Defendant denies the allegations set forth in Paragraph 39 of the Complaint.

53. Defendant denies the allegations set forth in Paragraph 40 of the Complaint.

54. Defendant denies the allegations set forth in Paragraph 41 of the Complaint.

55. Paragraph 42 of the Complaint states a legal conclusion and contains no factual allegations; therefore, defendant does not make any specific admissions or denials.

## PRAYER FOR RELIEF

WHEREFORE, defendant prays for relief as follows:

1. That plaintiff take nothing by reason of his Complaint, that the Complaint be dismissed with prejudice in its entirety, and that judgment be entered in favor of defendant;

2. That defendant be awarded attorney's fees and costs of suit incurred in defending this action; and

3. For such other and further relief as the Court may deem just and proper.

Respecfully submitted,

By: *Daniel H. Bromberg /alb*
Daniel H. Bromberg (D.C. Bar No. 442716)
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
(213) 443-3000 (Telephone)
(213) 443-3100 (Facsimile)

Attorneys for Computer Sciences Corporation

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543.

On August 23, 2006, I served true copies of the following document(s) described as **ANSWER** on the parties in this action as follows:

Steven A. Luxton, Esq.
Edwards Burns & Krider LLP
201 North Charles Street, Suite 1402
Baltimore, Maryland 21201
sluxton@ebkllp.com

**BY ELECTRONIC MAIL TRANSMISSION:** By electronic mail transmission from monicaascarrunz@quinnemanuel.com on August 23, 2006, by transmitting a PDF format copy of such document(s) to each such person at the e-mail address listed below their address(es). The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 23, 2006, at Los Angeles, California.

Monica Ascarrunz

20171