UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **RODNEY LANCASTER,** | § § § | |
| INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | § § § § | Civil Action No. 1:06-cv-01249-PLF |
| *Plaintiff*, | § § | |
| v. | § § | **JURY TRIAL DEMANDED** |
| **COMPUTER SCIENCES CORPORATION** | § § § § § | |
| *Defendant.* | § | |

## JOINT STATUS REPORT

Pursuant to Federal Rule of Civil Procedure 26(f), Local Rule 16.3, and the Court's October 23, 2006 Order, Plaintiff Rodney Lancaster ("Lancaster") and Defendant Computer Sciences Corporation ("Computer Sciences"), each by their undersigned counsel, provide this Joint Status Report to the Court, and would show the Court as follows:

I.   Brief Statement of the Case

Lancaster alleges that his former employer, Computer Sciences, failed to pay him in compliance with the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and similar provisions of the District of Columbia Wage and Hour Law, D.C. Code § 32-1001 *et seq.*  Specifically, Lancaster claims that during his employment with Computer Sciences he worked numerous hours of overtime for which he was not paid one and half times his regular rate of pay.  In addition to his own claims, Lancaster seeks to maintain his FLSA claim as a collective action pursuant to 29 U.S.C. § 216 and his

claim under the District of Columbia Wage and Hour Law as a class action pursuant to Federal Rule of Civil Procedure 23 and District of Columbia Code § 32-1012.

In response, Computer Sciences asserts . . . .

II.     Matters Discussed by Counsel at the Local Civil Rule 16.3 Conference

Pursuant to Local Civil Rule 16.3, the parties' counsel met by telephone on October 30, 2006, and discussed the following matters set forth in Local Civil Rule 16.3(c):

(1)     There are no dispositive motions presently pending.

(2)     The parties jointly request that January 15, 2007 be set as the deadline for any amendments to pleadings, including the joinder of any additional named parties *but excluding the joinder of any additional plaintiff who may opt-in if the Court certifies this case as a collective action and/or who may be class members if the Court certifies this case as a class action.* The parties expect that, as this case progresses, they will be able to work cooperatively together to narrow the factual and legal issues that must be decided by the Court and the jury.

(3)     The parties jointly prefer to have this case remain assigned to this Court.

(4)     The parties believe that there is a realistic possibility of settling this case.

(5)     The parties believe that the Court's alternative dispute resolution procedures, such as mediation before a magistrate, would be beneficial should the parties not be able to resolve this case by themselves. The parties agree that ADR should not occur until the parties have had the opportunity to conduct some initial discovery and to work toward a settlement without the assistance of ADR. The parties believe that ADR should be set after the discovery deadline but before the dispositive motion deadline.

(6) If the case cannot amicably be resolved, each party anticipates that one or more issues may be amenable to resolution by summary judgment motions after the close of discovery. The parties jointly request that a deadline for the filing of any summary judgment motions should be set on April 20, 2007. As will be discussed further below, this deadline is contingent upon no Motion to Conditionally Certify Classes being filed with the Court. Opposition and reply briefing should conform to the regular deadlines set forth in Local Civil Rule 7.

(7) The parties agree to dispense with the initial disclosures required by Rule 26(a)(1).

(8) The parties jointly request that, if the case cannot be amicably resolved, a deadline for the close of fact discovery should be set for March 30, 2007. As will be discussed further below, this deadline is contingent upon no Motion to Conditionally Certify Classes being filed with the Court. This deadline excludes discovery regarding experts, which is discussed further below. The parties do not foresee at this time any need to deviate from the ordinary rules applicable to discovery.

(9) The parties jointly request that, if the case cannot be amicably resolved, a deadline for Lancaster's Rule 26(b)(2) expert disclosures should be set for March 30, 2007. Computer Sciences will have 30 days thereafter to provide its Rule 26(b)(2) expert disclosures. The parties will then have two weeks after that date to conduct depositions of the experts. As will be discussed further below, these deadlines are contingent upon no Motion to Conditionally Certify Classes being filed with the Court. The deadlines also exclude discovery into the parties' attorneys' fees experts, which the parties believe should be reserved until post-trial.

(10)   The parties jointly request that February 28, 2007 be set as the deadline for Lancaster to file his Motion to Conditionally Certify Classes, with the scheduling of opposition and reply briefing conforming to the regular deadlines set forth in Local Civil Rule 7. The parties request that if Lancaster files a Motion to Conditionally Certify Classes, that the deadlines discussed herein be set aside and that the Court schedule a status conference after its ruling on the Motion in order set a new schedule based upon the Court's ruling.

(11)   The parties do not presently foresee any need for the bifurcation of discovery or trial.

(12)   The parties ask for a June 8, 2007 pretrial conference, if no Motion to Conditionally Certify Classes is filed with the Court.

(13)   The parties do not believe that this Court should set a firm trial date at this time, but instead that a trial date should be set at the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

(14)   The parties are not aware at this time of any other matters that may be appropriate for inclusion in a scheduling order.

                                          Respectfully submitted,

                                          _____/s/_____
                                          Steven A. Luxton (DC Bar No. 470468)
                                          Patrick K.A. Elkins (TX0038)
                                          EDWARDS BURNS & KRIDER LLP
                                          201 North Charles Street, Suite 1402
                                          Baltimore, MD 21201
                                          (410) 454-0012
                                          (410) 454-0146 (facsimile)

                                          *Counsel for Plaintiff*


                                          _____/s/_____
                                          Daniel H. Bromberg (DC Bar No. 442716)
                                          Shon Morgan (pro hac vice)
                                          Allison L. Burkholder (pro hac vice)
                                          QUINN EMANUEL URQUHART OLVIER &
                                          HEDGES, LLP
                                          865 S. Figueroa, 10th Floor
                                          Los Angeles, California 90017
                                          (213) 443-3000
                                          (213) 443-3100 (facsimile)

                                          *Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 2, 2006, a copy of the forgoing document was served pursuant to the Federal Rules of Civil Procedure by first-class mail, postage prepaid to the following:

Shon Morgan
Daniel Bromberg
Allison L. Burkholder
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa St, 10th Floor
Los Angeles, CA 90017


                                          _____/s/_____
                                          Patrick K.A. Elkins